CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 16 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| QUENTIN MCLEAN, | ) | CASE NO. 7:17CV00054 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| JOHN DOE, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Quentin McLean, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983 alleging that prison officials interfered with and failed to deliver to him incoming legal mail related to a bankruptcy proceeding. McLean has not prepaid the requisite filing fee and applies to proceed in forma pauperis. Upon review of the record, the court finds that the action must be summarily dismissed without prejudice based on McLean's many prior civil actions that have been dismissed.

The Prison Litigation Reform Act of 1995 substantially amended the in forma pauperis statute, 28 U.S.C. § 1915. The purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim, unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

McLean has brought such actions or appeals on three or more prior occasions. See McLean v. Faust, No. 2:99CV625 (E.D. Va. June 2, 1999) (dismissed with prejudice for failure to state a claim), aff'd 1999 WL 1255773 (4th Cir. Dec. 27, 1999); McLean v. Bolling, No.

7:99CV341 (W.D. Va. July 26, 1999) (dismissed with prejudice for failure to state a claim), aff'd sub nom., McLean v. Angelone, 1999 WL 1065033 (4th Cir. Nov. 24, 1999); McLean v. United States, No. 2:06CV447 (E.D. Va. Sept. 12, 2006) (dismissed with prejudice for failure to state a claim), aff'd 566 F.3d 391 (4th Cir. 2009). The court notes that in McLean v. United States, 566 F.3d 391 (4th Cir. 2009), the United States Court of Appeals for the Fourth Circuit stated that McLean was not a three striker. However, after the court affirmed the district court's dismissal of McLean's case for failure to state a claim, McLean received his third strike. As noted by the dissent in that case, "[g]iven that the majority agrees that McLean has at least two previous strikes, McLean should hereafter be deemed a three-striker . . . ." See also, McLean v. Schilling, No. 08-6479 (4th Cir. Sept. 1, 2009) (Court acknowledged that McLean was a three-striker and revoked in forma pauperis status). Accordingly, McLean may proceed in forma pauperis (without prepayment of the filing fee) only if he can show that he faces imminent danger of serious physical injury. § 1915(g).

McLean's submissions in this case indicate that he filed for bankruptcy in 2016. In September 2016, the bankruptcy court dismissed his petition, based on his failure to pay the filing fee. McLean alleges that he never received the dismissal order, so could not appeal. He asserts, with no factual support, that the defendants (unnamed prison investigators and a mail clerk) "unreasonably interfered with" the incoming mailing and should pay him compensatory damages of $15,000. These allegations do not suggest that McLean was in imminent danger of any physical injury related to his claims at the time he filed his complaint.

2

Because the records reflect that McLean has at least three "strikes" under § 1915(g) and he has not demonstrated that he is in imminent danger of physical harm, the court denies him the opportunity to proceed in forma pauperis and dismisses the complaint without prejudice under § 1915(g). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 16th day of February, 2017.

*[signature]*
Chief United States District Judge